IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **NATHAN ROWAN,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**BERKMAN FUNDING LLC**, a New York company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Nathan Rowan ("Plaintiff Rowan" or "Rowan") brings this Class Action Complaint and Demand for Jury Trial against Defendant Berkman Funding LLC doing business as Berkman Financial ("Defendant" or "Berkman Financial") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by sending unsolicited text messages to phone numbers that are registered on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Rowan, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Rowan is a resident of Baltimore, Maryland.

2. Defendant Berkman Financial is a New York registered company located in Staten Island, New York. Defendant Berkman Financial conducts business throughout this District and throughout the United States.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant has its headquarters in this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant has its headquarters in this District and directed its wrongful conduct from this District.

## INTRODUCTION

6. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been

fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.8 billion robocalls were placed in March 2025 alone, at a rate of 155.0 million per day. www.robocallindex.com (last visited April 23, 2025).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

13. “The FTC receives more complains about unwanted calls than all other complaints combined.” Staff of the Federal Trade Commission’s Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Berkman Funding, LLC operates using the d/b/a Berkman Financial.[3]

15. Defendant Berkman Financial provides loans, lines of credit and other financing to businesses throughout the US.[4]

16. Defendant Berkman Financial actively promotes its business by sending unsolicited text messages advertising its business funding solutions.

17. In a job posting for an Inside Sales Representative, Berkman Financial begins the posting by asking if the applicant loves speaking on the phone before stating that it is seeking a motivated sales representative for nationwide cold calling:

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

[3] https://www.berkmanfinancial.com/contact-us

[4] https://www.linkedin.com/company/berkmanfinancial/about/

Full description of the position

Love talking on the phone? Berkman Financial is looking for YOU. We are a nationwide business financing provider, seeking an energetic team player and motivated sales representative for nationwide cold calling. You will be joining a team with over a decade of combined alternative financing experience. This position is for a full-time employee to work in our Staten Island office. [5]

Duties will include:

· Prepare and execute nationwide cold calls to connect prospects and clients with senior Associates

· Effectively use Berkman Financial's technology and resources to research prospective business

Must have the following:

· Sales focused

· Self-motivated and energetic

· Ability to manage a large number of calls per day [6]

18. As a result of this cold calling, Defendant Berkman Financial is sending text messages to consumers, including phone numbers that are registered on the DNC, as per Plaintiff's experience.

19. Complaints have been posted about unsolicited text messages that resemble or are the same as the text messages that Plaintiff Rowan received, including:

[5] https://www.salesjobs.com/sales-job/50958749
[6] Id.

**Andrew Robie**
2 reviews · 5 photos

★☆☆☆☆ a month ago

Not sure how they got my number but tired of spam text from these people. Wouldn't trust spammers with my money…




[7]

**Jake Novak**
Local Guide · 33 reviews · 7 photos

★☆☆☆☆ a month ago

Company sends spam solicitation messages in violation of the do not call list.




[8]

20. Other consumers have posted complaints online about unsolicited calls and texts that they received from Berkman Financial, including:

- "***They text you cold*** when you have no interest and do it ***over and over again***. If I wanted a loan, I would call you. Please leave me alone."[9] (emphasis added)
- "Do you have an employee, ***Paul, who sends out random text message*** to a clearly NOT client soliciting business?"[10] (emphasis added)

---

[7] https://www.google.com/search?q=berkman+financial
[8] Id.
[9] Id.
[10] Id.

- "please stop harassing me. i never reached out to you. i will never use a company that i didnt solicit for a loan. ive ***blocked hundreds of numbers because they wont stop calling***. go away"[11] (emphasis added)
- "They ***violate the do not call list***…"[12] (emphasis added)
- "… ***I keep getting texts from them without signing up***."[13] (emphasis added)

21. Plaintiff Rowan files this case to hold Defendant accountable for violating the TCPA by sending text messages to consumers without consent and seeks injunctive relief to stop Defendant's unlawful practices, statutory damages for the affected Class members, and reimbursement of costs.

**PLAINTIFF ROWAN'S ALLEGATIONS**

22. Plaintiff Rowan is the sole owner and exclusive user of his cell phone number ending in 5605.

23. Plaintiff Rowan registered, or had registered on his behalf, his cell phone number on the DNC on June 4, 2005.

24. Plaintiff Rowan uses his cell phone number for personal use only as one would use a landline telephone number in a home.

25. Plaintiff Rowan uses his cell phone number primarily to communicate with friends and family. It is also used to schedule personal appointments and for other household needs.

---

[11] Id.
[12] Id.
[13] Id.

26. Plaintiff Rowan's cell phone is registered under his name, not a business.

27. Plaintiff Rowan has a separate phone that he uses as part of his job.

28. This phone number is not used in any business or marketing materials.

29. On March 31, 2025, Plaintiff Rowan received an unsolicited text message to his cell phone from 929-659-7568:




30. As per the above, the text message was sent from an employee named Paul who works for Berkman Financial.

31. On April 15, 2025 at 12:56 PM, Plaintiff Rowan received a 2nd unsolicited text message to his cell phone from 929-659-7568:




32. Plaintiff Rowan has never done business with Berkman Financial or consented to be contacted by them.

33. The unauthorized solicitation text messages that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Rowan in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

34. Seeking redress for these injuries, Plaintiff Rowan, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

35. Plaintiff Rowan brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Berkman Financial texted more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant texted Plaintiff, (5) despite the person not having provided their telephone number to Defendant to sign up for text alerts.

36. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Rowan anticipates the need to amend the Class definition following appropriate discovery.

37. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

38. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant Berkman Financial placed multiple text messages within a 12-month period to Plaintiff and other consumers with reassigned telephone numbers registered with the DNC for at least 30 days of the time of each text message;

(b) whether the text messages constitute a violation of the TCPA;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

39. **Adequate Representation**: Plaintiff Rowan will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Rowan has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Rowan and his counsel are committed to vigorously prosecuting this action on behalf

of the members of the Class, and have the financial resources to do so. Neither Plaintiff Rowan nor his counsel have any interest adverse to the Class.

40. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Rowan. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Rowan and the Do Not Call Registry Class)**

41. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

42. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

43. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

44. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Rowan and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal

government.

45. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Rowan and the Do Not Call Registry Class received more than one text message in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

46. As a result of Defendant's conduct as alleged herein, Plaintiff Rowan and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

47. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited texting activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Rowan requests a jury trial.

**NATHAN ROWAN**, individually and on behalf of all others similarly situated,

DATED this 20th day of May, 2025.

By: /s/ *Stefan Coleman*

Stefan Coleman
law@stefancoleman.com
COLEMAN PLLC
11 Broadway, Suite 615
New York, NY 10001
(877) 333-9427

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
**Pro Hac Vice motion forthcoming*

*Attorneys for Plaintiff and the putative Class*